case of United States v. Szaflarski. Mr. Moran.  We seek reversal of the District Court's final order of forfeiture in this case for the simple reason that at the time of the forfeiture, the criminal defendant, Casey Szaflarski, had no property to be forfeited. The court in the Lee case, and I've mentioned several others in the briefs, has indicated that it will follow the law of the state regarding property issues. In this case, dates are significant. We're talking about a piece of property, a condominium or a townhouse at 351 West 28th Place in Chicago, Illinois. In this particular case, there was a preliminary notice or order of forfeiture. Before you get too far into this, you would be well advised to address the government's argument that this appeal is moot. That is a jurisdictional problem, if it's so. Well, that argument, I think, is meritless. I cited the Republic case. The Republic case in the U.S. Supreme Court dealt with a civil rather than a criminal action. And in that particular case, it's actually more pertinent that, and the holding is more appropriate here, that the case is not moot because the in personam action in this particular case, the fact that the government sold property money is fungible, as you yourself have written in several opinions. The asset forfeiture monies are somewhere, and in this particular case, would be available to repay the fair market price of the property. It does not move the case. Well, that's the question, I take it, although the government's brief doesn't address this. The question is whether the government can be ordered to pay money. We need, given the Constitution's rule that no money can be drawn from the treasury except on appropriation made by law. We need to identify an appropriation or a specific authority to pay money to undo forfeiture of property. That's the question, I think. Assuming the money or assuming the property is not available, because that's implicit in your question, Your Honor, we would get to that point. I pointed out, and I cited a law review article by Stephan Caselas, who in fact ran the government's asset forfeiture division. And in his article, he particularly identifies the fund that he managed as the fund where you would go if the government made a mistake and something was forfeited. And what fund is that? It's called the asset forfeiture fund. He identifies it in his article. Is there authority to disperse money out of the asset forfeiture fund? He indicates in his article that there is. I'm not interested in what somebody has indicated in an article. You're a lawyer. Presumably you've gone and checked this by looking up to see what the statute is so that you can cite it to us. Well, the statute itself has become somewhat well known because the regulations covering it, Mr. Holder has indicated that the redrafting. I'm not interested in what the Attorney General has indicated in speeches. I'm interested in statutes. Well, I can supply you with a statute. I don't have the statute with me. This question was not raised by the government, as you indicated, and so I didn't pull it. But I can get it for the court and I can submit it by a letter. This might be essential. We need to know what source of funds is available to pay monetary compensation to undo in lieu of the forfeited property. Forfeited property is now owned by somebody else. The question is whether money is payable. In the Republic National Bank case, the Supreme Court cited a statute that made money payable. It was a forfeiture of money, and that was reversible by statute. The question is whether this forfeiture is reversible by statute without running afoul of the Constitution's appropriation clause. Well, the appropriation clause is in tension in this case with the Fifth Amendment right to a taking. So I would address that, as I said, by letter to the court. But it's certainly clear that you can't, if in fact the court finds that the taking here, the forfeiture here, occurred in error and that under Illinois law, Mr. Casey Slifarsi had nothing that could be taken from him because he had no rights under Illinois law to the property, that his rights, if any, he gave away five years before this, six years before this forfeiture notice was even posted, then we have a Fifth Amendment takings argument that we would But unfortunately you can't make a Fifth Amendment takings argument in this court. No. That can be brought exclusively in the Court of Federal Claims. I understand that, Judge, but I will see if there is a statute. Our jurisdiction has been challenged. Pointing to the possibility of an action in the Court of Claims is not going to help us. Nothing in the filing by the government indicated or placed me on notice that a statute for the value of the mess that was taken Government's brief says that no relief is possible. Your duty is to show that relief is possible. Well, I believe that there is a statute in force and I will submit it to the court probably in the next 48 hours. And if that didn't come up either in the government's motion or anything of that nature, our position is clear in the brief that there was nothing to be forfeited and that my client, the worst you could say about her is that she received a gift from her brother and her mother when the three of them conveyed their interest in this particular property into an Illinois land trust with Carol Soflarski as the sole beneficiary. And as the case cited that Illinois There are a lot of bad facts though in this case from your standpoint because Casey was the one who lived there. He was the one who took the mortgage interest deduction. He was the one who paid the expenses and she admitted, Carol admitted, that the reason the property was transferred to the land trust was because of concerns that Casey got sued. Right? That's all the evidence in the record. That's as far as And that's not all the evidence. But that's not all the evidence. And the Swan case points out that family relationships often deal with situations like this in shorthand. Under Illinois law, she had all the power. There's nothing in the record that indicates she gave any power or anything back to Casey. And, in fact, there's nothing in the record that indicates that what he was paying was, in fact, in excess or less than the fair market rental value of the property. That never came up. I don't know why. So if he's living there and he's paying the fair rental value of the property to Carol, that's not inconsistent. He had no But was any evidence presented that he paid her rent? That's what it was described by the participants below, Judge. That was mostly in hindsight, wasn't it? Didn't he just pay him the mortgage? He was paying. He called it a mortgage. And he took a There's no question. He testified or the record showed he took a mortgage deduction for it and then later amended returns for filing and so forth. But the real question for nominee theory is whether or not he had any control over the property. And there's no evidence in the record that he had any control. And there's no evidence that Carol, as the third party, as the beneficial interest holder, had done anything inconsistent with her right to control the property. Well, she amended her tax returns to reflect rental income after he was indicted in 2010, right? That's correct, Judge. She did do that. Again, as this one case points out, families are prone to do things in less than organized fashion. But the final result is, is that she did have all the power. And whether her brother liked it or not, she could sell that property. She could enter into whatever she wanted to do. And I don't believe that he had, Casey Slifarski, had a forfeitable interest until such time as Carol, in some fashion, gave him an interest. And so I think that that part of the case, the forfeiture action, was premature. Are you contending that if the 2005 transaction is set aside, Carol still has an interest that's protected? If the 2005, the transfer into the interest? Right, if the transfer into trust is set aside. Well, no one has asked to set aside the transfer. So there's really no record for me to know. So the answer is no, you're not making such an argument. No, I'm not making that argument. Okay. Judge, I see the time has expired. Thank you very much. Thank you, Judge. May it please the Court, I'm Robacho. Mr. Baciu. I'm Robacho on behalf of the United States. We'd ask the Court to either dismiss this case because the petitioner failed to timely seek a stay from this Court of the lower courts. Mr. Baciu, why can't the Court order the United States to pay money in lieu of the property? Judge, I think the answer to that question is the Court has the power to hear this case as a jurisdictional matter. I think that – But then your brief is wrong. Your brief said the appeal has to be dismissed as moot. And mootness, when a case is moot, there is no Article III case for controversy. We have no jurisdiction. Judge – If you're saying we have jurisdiction, then you're saying the case is not moot. So what is the position of the United States? Judge, I understand the Seventh Circuit's decision in FDIC v. Meyer when this Court used the term moot. I didn't understand it to mean it in the Article III sense. There's a difference between whether or not a court has the power to do something and whether or not it ought to do something. Oh, surely you're not making an equitable mootness argument. This Circuit expressly rejected that doctrine and said that if money is possible, a case is not moot, even if property can't be transferred again. Now, that was, of course, a bankruptcy case. But the principle is perfectly general. If money is available, a case is not moot. Judge, I think – I don't agree with that point. I do agree with the point that the Court has previously said that it does not like the term equitable mootness because it's imprecise. However, I do think that it is the case, that if you look at the cases this Court has – Let's stop. Are you arguing that this case is moot because damages – sorry – money is not available? No, we're not arguing that. We are arguing the case should not be considered by this Court because under Meyer and the cases after that case, Judge, a party, any party, is entitled to rely upon the judgment of the District Court when it has not been stated. Parties who are entitled to rely are the buyers of the property. This transaction will not be reversed, but I don't, for the life of me, see why the fact that the buyers of the property won't be told to give it back entitles the United States to keep the money if the property should not have been forfeited. Well, I think there's a couple of assumptions there I'd like to explore. We generally call that windfalls, and windfalls are not exactly favorites. Right. Well, one of the things about the sale in this case, Judge, is, of course, that the government has actually undertook or expended money in order to sell the property. So it's not the case that at this juncture the government will not be at a loss in relation to the fact that it actually had approximately, and this is not in the record, I concede, we had approximately $26,000 in costs that were incurred to sell the property. The principle in Meyer and cases after that, which I do not believe has been repudiated by the Seventh Circuit, is that parties are entitled to rely upon an order issued by the District Court and to act pursuant to that order. It shouldn't be the case that a party should be punished by following an unstayed District Court order. There is a procedure in order to obtain a stay of a District Court order. That procedure was not followed in a timely fashion here. Surely you are not arguing that every appeal is moot if the District Court's order is not stayed. Perfectly normal orders by District Court order the payment of money damages. You can stay that order by filing a supersedious bond, which you can also appeal, you can pay, appeal without a supersedious bond, and you get the money back if you win. All the time we hear cases in which no stay has been entered and a reversal will require redoing the relief. But that is not the state of the law, I believe, in the Circuit, Judge. If you look at FDIC versus Meyer, it was unequivocal. Well, then, you're just mistaken about the state of the law in this Circuit. Well, let me add this. If the government acts pursuant to- I think you need to move on. You have now conceded that the case is not moot. I'm going to ask at the end of this argument for supplemental briefs, and I'm going to be looking for a serious answer from the United States about whether this case is moot, meaning, is money available? Very good, Judge. With regards to the merits of the case, we do believe that the judgment of the district court should be affirmed. It's very clear that the facts well demonstrated that there was no clear argument, or, sorry, Carol Saplarsky did not clearly demonstrate that she had a superior interest in the property. After the property was purchased in 2001, Casey Saplarsky maintained possession of the property. Carol Saplarsky never lived in the property. In fact, Casey Saplarsky took mortgage interest deductions in 2001, 2003, 2004, and 2005 for the property, and Carol did not actually declare any rental income with regard to the property for the years 2001 through 2008, and only until such time that Casey was indicted in February of 2010. There were other facts as well that were adduced in the district court. Mr. Saplarsky, Casey Saplarsky, paid the expenses relating to the property during the time that he lived there, and the transfer of the property into the real estate trust was done for the primary purpose of shielding the property from Casey's creditors. And there was testimony to that effect that was provided to the district court. In that situation, it was clear that Carol had failed to demonstrate that she had a superior interest in the property, and the district court was also similarly correct in concluding that the nominee theory would apply to the property, citing the in-police case as an example of a situation where somebody had previously just pointed to the fact that they had titled the property as being insufficient to demonstrate actual ownership, which is also a principle that is found under the law of the state of Illinois. Under these circumstances, we believe that there was no clear error in the district court's judgment, finding that Carol did not have a superior interest in the property. Unless there are any further questions from the court, I would tender the balance of my time to the court. Thank you very much. The court would appreciate it if both parties would file within 14 days supplemental memoranda addressing the question whether monetary payment is permissible under the governing statutes. Cases like Salazar against the Rama Navajo tribe, 132 Supreme Court 2181, seem to give an affirmative answer, but the judgment fund discussed in that case may or may not be available for a judgment in this case. We need to know concretely whether a money payment is permissible under the Constitution and the statutes. And as I say, the parties have 14 days to file those supplemental memos. Thank you very much. The case will be taken under advisement.